### INJURY FROM STEPPING INTO AN UNGUARDED STAIRWAY.

Circuit Court of Hamilton County.

SLICER v. THE KOCH & BRAUNSTEIN CO.

Decided, January 23, 1909.

*Negligence—Pleading—Presumption—Findings by the Jury—Customer in a Store Falls Down an Unguarded Stairway.*

The averment that a customer of a store, having no knowledge of the existence of an open stairway, stepped backwards into the entrance of said stairway and was violently precipitated to the basement below, raises a presumption that she was herself negligent, and where in such a case a general verdict in favor of the proprietors of the store is consistent with special findings by the jury, it will not be disturbed.

*Jas. R. Jordan* and *Walter M. Locke,* for plaintiff in error.
*Kelley & Hauck* and *W. G. Roberts,* contra.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

The negligence charged in the petition consists in maintaining an open stairway in defendant's storeroom without any guardgate or light, and placing a table so as to guide customers into the stairway. The manner in which the plaintiff was injured is averred as folows:

"When directly in front of the entrance to said stairway she, finding the articles she desired to purchase, turned to notify the clerk of her desire to purchase, when, without any carelessness or negligence on her part, having no knowledge of the existence of said stairway, and by reason of the carelessness and negligence of said defendant as aforesaid, she stepped backwards into the entrance to said stairway and was suddenly and violently precipitated down the stairs into said basement."

Aside from the question whether this averment charges that the negligence of defendant caused plaintiff to be precipitated down the stairs, it raises a presumption that she herself was not, as averred, free from fault, which presumption is, by the jury in special findings returned with the general verdict, conclusively found as a fact, and that the same was the cause of her injury. The errors alleged in giving certain special instructions and refusing others are not therefore material or prejudicial.

We think the plat was sufficiently verified, and properly received as evidence.

The testimony of the architect as an expert was incompetent; but in view of the special findings was not prejudicial.

No other evidence is embodied in the bill of exceptions, and the general verdict being consistent with the special findings the judgment will be affirmed.